UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD WHITEHEAD and
JACQUELINE WHITEHEAD,

                Plaintiffs,                No. 12-cv-13840

vs.                                                  Hon. Gerald E. Rosen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and NATIONSTAR
MORTGAGE, LLC.

                Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

       At a session of said Court, held in
       the U.S. Courthouse, Detroit, Michigan
       on September 24, 2013

       PRESENT:   Honorable Gerald E. Rosen
                            United States District Chief Judge

I. INTRODUCTION

     This mortgage foreclosure case is presently before the Court on the Motion to Dismiss filed by Defendants Federal National Mortgage Association ("Fannie Mae") and Nationstar Mortgage, L.L.C. ("Nationstar"). Plaintiffs Bernard and Jacqueline Whitehead, through counsel, responded to Defendants' motion, and Defendants have replied. Having reviewed and considered the parties' briefs and supporting exhibits, the Court has determined that the pertinent allegations and legal arguments are sufficiently

addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Plaintiffs' motion "on the briefs." See L.R. 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

On November 30, 2004, Plaintiffs Bernard and Jacqueline Whitehead, husband and wife, obtained a loan from non-party Pioneer Mortgage, Inc. in the amount of $172,300.00. As security for the loan, Plaintiffs executed a promissory note (the "Note") which was secured by a mortgage on their residential property located at 15615 Pennsylvania, Southfield, Michigan, granted to non-party Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for the lender and the lender's successors and assigns. [*See* Defendants' Ex. A.][1] The Mortgage was recorded on January 27, 2009 with the Oakland County Registrar of Deeds. *Id.* MERS subsequently assigned the Mortgage to Nationstar on April 6, 2011. [*See* Defendants' Ex. C.] The Assignment was recorded with the Oakland County Registrar of Deeds on April 18, 2011.

---

[1] The mortgage attached to Plaintiffs' Complaint is not the mortgage that was foreclosed. However, a document not formally incorporated by reference or attached to a complaint may be provided by the defendant and properly considered part of the pleadings when the document is referred to in the complaint and is central to the plaintiff's claim. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). Thus, "a defendant may introduce certain pertinent documents if the plaintiff fails to do so." *Weiner*, *supra*; *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) ("[I]if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit.") The court may also take judicial notice of the mortgage, which is publicly filed. *See* Fed. R. Evid. 201.

*Id.*

Plaintiffs thereafter defaulted on their mortgage payment obligations and Nationstar instituted foreclosure proceedings by advertisement pursuant to the Mortgage and Michigan law. Plaintiffs were served with notice of their default and their right to request mediation on December 14, 2011. [*See* Defendants' Ex. D.] This notice further informed Plaintiffs of the procedures to follow in requesting mediation. *Id.* Notices of the foreclosure of Plaintiffs' property were thereafter posted in the Oakland County Legal News on January 10, 17, 24, and 31, 2012. *Id.*

On February 7, 2012, Fannie Mae purchased the property at foreclosure sale for $168,388.30. *Id*. The Sheriff's Affidavit of sale noted that the six-month redemption period provided under M.C.L. § 600.3240(8) would end on August 7, 2012.

On August 6, 2012, Plaintiffs filed a two-count Complaint to quiet title (Count I) and for violation of M.C.L. § 600.3205(c) (Count II) in Oakland County Circuit Court. Defendants removed the action to this Court on August 30, 2012, and on September 27, 2012, they filed the instant Motion to Dismiss.

## III.  DISCUSSION

### A.  APPLICABLE STANDARDS

Defendants bring this motion pursuant to both Fed. R. Civ. P. 12(b)(1) -- for lack of subject matter jurisdiction -- and Fed. R. Civ. P. 12(b)(6) -- for failure to state a claim.

Defendants contend that dismissal is proper under Rule 12(b)(1) based on their argument that Plaintiffs "lack standing" under Michigan's foreclosure statutes to bring

3

this action. *See discussion infra.* Under Michigan jurisprudence, an individual may lack statutory standing if the Legislature has limited the class of persons who may challenge a statutory violation. *See Miller v. Allstate Ins. Co.*, 481 Mich. 601, 608-10; 75 N.W.2d 463 (2008). However, it is only the case-or-controversy limitation set forth in Art. III, § 2 of the United States Constitution that limits federal judicial authority. *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 179, 120 S.Ct. 693, 703-704 (2000). Article III standing is established when there is a "concrete," "particularized," and "actual" injury that "is fairly traceable to the challenged action of" the defendants and capable of being "redressed by a favorable decision". *Id*. There can be no serious dispute that Plaintiffs have Article III standing to contest the foreclosure sale. *See El-Seblani v. IndyMac Mortg. Servs.,* 510 F. App'x 425, 429-30 (6th Cir. Jan. 7, 2013) (although plaintiff's action may be precluded by operation of Michigan state law, Article III's standing doctrine is not implicated). Therefore, the Court will treat Defendants' motion as having been brought only pursuant to Rule 12(b)(6).

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile

4

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. Applying the foregoing standards, the Court concludes that Defendants' Motion to Dismiss should be granted.

B.  PLAINTIFFS CANNOT OBTAIN THE RELIEF THEY SEEK IN THIS ACTION

Defendants assert that Plaintiffs lack standing and no longer has an interest in the Property, which is required to challenge foreclosure proceedings, including the sheriff's sale. The Court agrees.

As indicated above, under Michigan constitutional jurisprudence, a party asserting the violation of a statute may have constitutional standing to assert a claim yet lack *statutory* standing to do so. "That is, a party that has constitutional standing may be precluded from enforcing a statutory provision, if the Legislature so provides." *Miller, supra*, 481 Mich. at 607. To determine if statutory standing exists, the question must be

asked whether the Legislature "has accorded this injured plaintiff the right to sue the defendant to redress his injury." *Id.* (citation omitted). This inquiry "simply [entails] statutory interpretation." *Id.*

Non-judicial foreclosures, or foreclosures-by-advertisement, are governed by statute under Michigan law. *See* M.C.L. § 600.3204 *et seq; see also Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45,50, 503 N.W.2d 639, 641 (1993). . While the statutory scheme provides certain steps that the mortgagee must go through to validly foreclose, *id.,* it also controls the rights of both the mortgagee and the mortgagor once the sale is completed. *Senters*, 443 Mich. at 50. In relevant part, the statute provides the mortgagor six months after the sheriff's sale in which to redeem the property. M.C.L. § 600.3204(8). Once the redemption period following the foreclosure of a property expired, a plaintiff's rights in, and title to, the property are extinguished, and he loses all standing to bring claims with respect to the property. This principle is well established in Michigan law.

In *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514 (1942), the Michigan Supreme Court held that the mortgagors in that case had "lost all their rights, title, and interest in and to the property at the expiration of their right of redemption." *Id*. 302 Mich. at 185, 4 N.W.2d at 516. The Piotrowski standard has been consistently applied by Michigan state and federal courts to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See e.g., Conlin v. Mortgage Electronic Registration Systems, Inc.*, 14 F.3d 355

(6th Cir. 2013); *Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D.Mich. Feb.24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich.App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D.Mich., Oct.29, 2010) (dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, 2010 WL 5173830 (E.D.Mich. Dec.15, 2010) (dismissing action seeking a declaratory judgment voiding foreclosure proceedings).

    Here, the redemption period expired on August 7, 2012. Plaintiffs have not alleged or pled any facts that indicate that they timely attempted to redeem the property. Because Plaintiffs failed to redeem the property before the redemption period expired, Fannie Mae became vested with "all right, title and interest" in the property by operation of law. At that point, Plaintiffs, the former owners, lost standing to assert claims with respect to the property. *Overton v. Mortgage Electronic Registration Sys., Inc., supra*; *Kama v. Wells Fargo Bank, supra*.

    This outcome is not altered by Plaintiff's filing of this lawsuit on August 6, 2012, one day before the expiration of the redemption period. *Overton, supra*, 2009 WL 1507342 at * 1 (holding that the plaintiff's filing of his lawsuit one month before the expiration of the redemption period did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings). As the Michigan Court of Appeals explained in *Overton*:

> Plaintiff's suit did not toll the redemption period. Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property. Even if his assertions were true and the cases he cites indeed supported his arguments, plaintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity.

*Id*. (citations omitted). *See also Moriarity v. BNC Mortgage, Inc*., 2010 WL 5173830 at * 2 (E.D. Mich. Dec. 15, 2010) (suit filed one month before the expiration of the redemption period expired, same); *Napso v. Wells Fargo Bank, N.A*., 2011 WL 1575372 (E.D. Mich. Apr. 26, 2011) (suit filed one day before the redemption period expired, same); *Mitan v. Federal Home Loan Mtg. Corp*., 2011 WL 4837502 at * 2 (E.D. Mich. Sept. 22, 2011) (suit filed two weeks prior to expiration of the redemption period, same); *Galati v. Wells Fargo Bank*, 2011 WL 5178276 at ** 3-4 (E.D. Mich. Nov. 1, 2011) (suit filed three weeks before the expiration of the redemption period, same); *Gendiar v. BAC Home Loans Servicing, L.P*., 2012 WL 130139 (E.D. Mich. Jan. 17, 2012) (suit filed on day that redemption period expired, same); *Dingeman v. OneWest Bank FSB*, 2012 WL 884357 at ** 3-4 (E.D. Mich. Mar. 14, 2012) (plaintiffs' suit filed four days before the expiration of the redemption period did not toll the redemption period and plaintiffs' failure to redeem prior to the expiration of the period terminated their standing to assert defects in the foreclosure proceedings and/or the sheriff's sale).

In short, once the redemption period expired on August 7, 2012, Plaintiffs lost

standing to maintain any action to quiet title or to assert any defect in the foreclosure proceedings.

Moreover, while the redemption period can be tolled, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement in the absence of a clear showing of fraud or irregularity." *Schulthies v. Barron*, 16 Mich.App. 246, 247-48, 167 N.W.2d 656 (2007); *see also Sweet Air Investment, Inc., v. Kenney*, 275 Mich.App. 492, 497, 729 N.W.2d 656 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Id., quoting United States v. Garno*, 974 F.Supp. 628, 633 (E.D.Mich., 1997), (citing *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405-406, 273 N.W. 747 (1937), and *Calaveras Timber Co. v. Michigan Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743 (1936))); *Collins v. Mtg. Electr. Regis. SYS.*, *supra,* 714 F.3d at 359. ) The defect must be in the sale process itself. *See, e.g. Reid v. Rylander*, 270 Mich. 263, 267, 258, N.W. 630 (1935) (holding that only the sale procedure may be challenged after a sale); *Freeman v. Wozniak*, 241 Mich. App. 633, 636-38, 617 N.W.2d 46 (2000) (reversal of sheriff's sale improper without fraud, accident, or mistake in sale proceedings); *Stein v. U.S. Bancorp*, 2011 WL 740537 at * 6 (E.D. Mich., Feb. 24, 2011) ("[T]he fraud, accident, or mistake must relate to the foreclosure proceeding itself.").

Furthermore, filing an action challenging the validity of the foreclosure sale is insufficient to toll the redemption period. *Overton v. Mortg. Elec. Registration SYS.*,

2009 WL 1507342, *1; *see also Dingman v. OneWest Bank*, 2012 WL 884357, *4; *Galati v. Wells Fargo Bank*, 2011 WL 5178276, *3-4; *Napso v. Wells Fargo Bank*, 2011 WL 155372. Plaintiff filed this action on August 6, 2011, however, the redemption period expired on August 7, 2011.

Nor is the temporary restraining order Plaintiffs obtained from the state court on August 7, 2012 to toll the redemption period of any effect. That order, by its own terms, expired on August 15, 2012 when no attempt was made by Plaintiffs to secure a preliminary injunction from the state court. And, Plaintiffs did not seek a preliminary injunction from this Court after the case was removed on August 30, 2012.

Plaintiffs have not alleged or pled any facts that indicate that they timely attempted to redeem the property. Thus, unless Plaintiffs can make a "clear showing" of fraud or irregularity, no equitable extension of the redemption period is permitted and Plaintiffs will lack the necessary standing to challenge the validity of the foreclosure.

In order to establish a claim for fraud or misrepresentation under Michigan law, a plaintiff must demonstrate that:

(1) the defendant made a material misrepresentation;

(2) it was false;

(3) when the defendant made it, he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion;

(4) he made it with the intention that it should be acted upon by the plaintiff;

(5) the plaintiff acted in reliance upon the false misrepresentation; and

(6) the plaintiff thereby suffered injury.

*Aerospace America, Inc. v. Abatement Technologies, Inc*., 738 F.Supp. 1061, 1068 (E.D.Mich.1990) (citing *Hi-Way Motor Co. v. International Harvester Co*., 398 Mich. 330, 247 N.W.2d 813, 816 (1976)). Each of the above elements must be established by the plaintiff by clear, satisfactory and convincing evidence. *Id.; Youngs v. Tuttle Hill Corp*., 373 Mich. 145, 147, 128 N.W.2d 472 (1964); *Hi-Way Motor Co. supra*, 398 Mich. at 336, 247 N.W.2d 813. Further, all of the elements must be found to exist; the absence of any one of them is fatal to recovery. *Hi-Way Motor Co, supra*. Plaintiffs' bare allegations that Defendants failed to comply with the requirements of M.C.L. § 600.3204, *et seq*., do not come close to making the required strong showing of fraud.

Because Plaintiffs have failed to show that there existed a strong case of fraud or irregularity, Plaintiffs lack standing to challenge any alleged defects in the foreclosure.

Plaintiffs' claim of a violation of M.C.L. § 600.3205c also must be dismissed. Plaintiffs do not dispute that they timely received the 14-day letter with a copy of the requisites of the Loan Modification program. They claim that they contacted Defendants "through their representatives" in order to obtain a Loan Modification, but that Defendants "failed to complete the Loan Modification process . . . and apparently denied Plaintiffs a Loan Modification" without "send[ing] Plaintiffs a denial letter with the calculations." [*See* Affidavit of Bernard Whitehead, ¶¶ 6-8]. The conclusory allegation that the defendant failed to adhere to the statute by failing to modify the plaintiff's mortgage has been repeatedly deemed insufficient to state a viable claim. *See Rabbah,*

2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *6. Moreover, as this Court has previously observed, the statute "does not demand . . . that a lender modify a mortgage," *Behnam,* No. 12-12303, 8/14/2012 Op. at 5, but merely requires that the lender undertake an inquiry whether a borrower qualifies for a loan modification upon the borrower's request for such a modification and submission of the appropriate documentation. Moreover, Plaintiffs have failed to establish that they pursued the appropriate steps under the statute to trigger Defendants' obligation to consider their eligibility for a loan modification. Specifically, Plaintiffs have failed to establish that they contacted the appropriate "designated agent" within the specific 14-day time frame for doing so.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss **[Dkt. # 4]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that this case be, and hereby is, DISMISSED, in its entirety, WITH PREJUDICE.

Let Judgment be entered accordingly,

s/Gerald E. Rosen
Dated: September 24, 2013             Chief Judge, United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 24, 2013, by electronic and/or ordinary mail.

                    s/Julie Owens
                    Case Manager, (313) 234-5135